**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAR 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

J. A., a minor by and through his Guardian ad litem Cindy Plasencia, as successor in interest to Juan Antonio Ayon Ruiz; JOSE JUAN AYON ROMERO, parent of decedent; MARIA DOLORES RUIZ VASQUEZ, parent of decedent,

        Plaintiffs - Appellees,

  v.

COUNTY OF SAN BERNARDINO; ED FAKHOURY, Deputy; BRANDON BECKER, Deputy,

        Defendants - Appellants.

No. 23-4180

D.C. No.
5:20-cv-02468-MEMF-kk

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Argued and Submitted November 4, 2024
Pasadena, California

Before: SCHROEDER, W. FLETCHER, and CALLAHAN, Circuit Judges.

Defendants-Appellants Sheriff's Deputies Ed Fakhoury ("Fakhoury") and

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Brandon Becker ("Becker") (collectively "Deputy Defendants"), appeal the denial of qualified immunity related to the lethal shooting of Juan Antonio Anyon Ruiz ("Ruiz").

Plaintiffs' suit alleges seven causes of action related to the officer-involved shooting. Relevant here are claims alleging (1) a violation of 42 U.S.C. § 1983 ("§ 1983") for excessive force, (2) a violation of § 1983 for deprivation of life without due process, and (3) a violation of § 1983 for interference with parent-child relations. The Deputy Defendants sought summary judgment based on qualified immunity on all three causes of action, and the district court denied qualified immunity as to each. Deputy Defendants timely filed a notice of appeal.

1. This case presents a threshold question of jurisdiction. The denial of qualified immunity "to the extent that it turns on an issue of law" is immediately appealable. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Johnson v. Jones*, 515 U.S. 304, 313 (1995). Accordingly, "[w]e may . . . review orders denying qualified immunity under the collateral order exception to finality." *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022) (citing *Plumhoff v. Rickard*, 572 U.S. 765, 771–73 (2014)). Our review, however, is limited to pure questions of law. *Id.*

This appeal presents a pure question of law, namely "whether, taking all facts and inferences therefrom in favor of the [P]laintiff[s], the [Deputy] [D]efendant[s] nevertheless [are] entitled to qualified immunity as a matter of

law." *Jeffers v. Gomez*, 267 F.3d 895, 905–06 (9th Cir. 2001). We have jurisdiction to review this legal question. *See Pauluk v. Savage*, 836 F.3d 1117, 1121 (9th Cir. 2016) (holding we "have jurisdiction, construing the facts and drawing all inferences in favor of Plaintiffs, to decide whether the evidence demonstrate[d] a [constitutional] violation by [the defendants], and whether such violation was in contravention of federal law that was clearly established at the time.").

2. We review the district court's denial of qualified immunity de novo. *See Est. of Aguirre v. County of Riverside*, 29 F.4th 624, 627 (9th Cir. 2022). We must affirm the district court's denial of qualified immunity if, resolving all factual disputes and drawing all inferences in Plaintiffs' favor, Defendants' conduct (1) violated a constitutional right (2) that "was clearly established at the time of the officer[s'] alleged misconduct." *Id.* (citation omitted).

a. As to claim one, the district court concluded that viewing the facts in the light most favorable to Plaintiffs, a jury could find the Deputy Defendants violated Plaintiffs' constitutional rights. We agree. Here, the facts viewed in Plaintiffs' favor demonstrate that Ruiz's vehicle moved slowly backward and did not make contact with the Deputy Defendants' vehicle. Based on the record evidence, a jury could reasonably determine that Ruiz and his vehicle did not pose a threat of serious physical harm and find Defendants violated Ruiz's right against

3                                                                      23-4180

excessive force. *See Tennessee v. Garner*, 471 U.S. 1, 11 (1985) ("Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so.").

Next, the district court, relying on *Acosta v. City and County of San Francisco*, 83 F.3d 1143, 1147 (9th Cir. 1996), *as amended* (June 18, 1996), determined that "it 'was clearly established at the time of the incident that police officers are not justified in shooting at a suspect fleeing in a car if the car was moving or rolling sufficiently slowly that a reasonable officer in the defendant's position would not have perceived himself to be in danger of serious bodily harm.'" *J.A. by & through Plascencia v. Cnty. of San Bernardino*, No. 5:20-CV-02468-MEMF-KK, 2023 WL 7434950, at *13 (C.D. Cal. Nov. 9, 2023). The district court's determination was proper. *See Acosta*, 83 F.3d at 1148 ("law governing 'shooting to kill' a fleeing suspect is clearly established and [] a reasonable officer could not have reasonably believed that shooting at the driver of the slowly moving car was lawful").

b. Claim two is rooted in the Fourteenth Amendment. *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). To establish this constitutional violation, the Deputy Defendants' conduct must "shock the conscience." *Id.* Where "a law enforcement officer makes a snap judgment because of an escalating

situation," the officer's "conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Id.* Here, the district court reasoned that the single statement by Fakhoury of "I'ma shoot him," in these circumstances, could lead a reasonable juror to conclude the Deputy Defendants had a "purpose to harm." We disagree. The district court cites no case where such a limited statement could constitute subjective intent to harm, and we have found none. Therefore, we find this statement alone is insufficient to establish subjective intent. Because we find there was no constitutional violation, we need not determine whether the right was clearly established. *See Marquez v. City of Phoenix*, 693 F.3d 1167, 1176 n.8 (9th Cir. 2012), *as amended on denial of reh'g* (Oct. 4, 2012) ("Because we conclude that there was no constitutional violation here, we need not reach . . . [whether the right was] not clearly established at the time of the incident.").

c. As to claim three, the district court noted "[b]oth Defendants and Plaintiffs discuss this claim only briefly—simply referencing the arguments made on the previous two claims." *J.A.*, 2023 WL 7434950, at *15. The district court then denied qualified immunity "[b]ecuase the court found that a jury could find for Plaintiffs on the previous claims." *Id.* We disagree. It is unclear whether the alleged constitutional right was violated, which alone is sufficient to reverse the district court. *See Marquez*, 693 F.3d at 1176 n.8. Moreover, Plaintiffs fail to

identify a case clearly establishing this constitutional right. We thus cannot conclude that Plaintiffs' constitutional rights were violated or that those rights were clearly established. Therefore, denial of qualified immunity as to claim three was inappropriate. *See Scott v. Smith*, 109 F.4th 1215, 1229 (9th Cir. 2024).

Accordingly, we affirm the judgment of the district court as to claim one and reverse the judgment of the district court as to claims two and three and remand. On remand we instruct the district court to enter judgment in favor of the Deputy Defendants as to claims two and three based on qualified immunity. Each party shall bear its own costs.

**AFFIRMED in part, REVERSED in part, and REMANDED.**